IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| George J. Erskine, | ) | C.A. No.:  6:26-cv-01676-TMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AMENDED COMPLAINT** |
| | ) | |
| Huntington Ingalls Industries, Inc. | ) | |
| DBA Mission Technologies Short | ) | |
| Term Disability Plan, and | ) | |
| Prudential Insurance Company of | ) | |
| America, | ) | |
| | ) | |
| Defendants. | ) | |

The Plaintiff, complaining of the Defendants herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of Maryland.

II.

Defendant Huntington Ingalls Industries, Inc. DBA Mission Technologies Short Term

Disability Plan (hereinafter "the plan") is a self-funded benefits plan organized and existing

pursuant to ERISA 29 U.S.C. §1132(d) which has plan participants in and significant ties to

South Carolina.

III.

Defendant Prudential Insurance Company of America (hereinafter "Prudential") is an

insurance company organized and existing pursuant to the laws of one of the States of the

United States, and which does business in Greenville, South Carolina.

IV.

In this matter, Plaintiff seeks short term and long term disability benefits from the Defendant ERISA short term disability plan and the Defendant Prudential as insurer of an ERISA governed long term disability plan, respectively, pursuant to 29 U.S.C. § 1132(a)(1)(B) and that this court has jurisdiction to hear this matter based upon a federal question.

IV.

Until March 2025, Plaintiff was employed with Mission Technologies and as an employee of Mission Technologies, Plaintiff was provided with short term disability coverage via the Defendant plan which was fully funded by Mission Technologies, and long term disability coverage via a plan which was fully insured by Defendant Prudential. Prudential is also the sole entity responsible for determining whether claims such as the Plaintiff's should be paid. Accordingly, Prudential is the claim administrator and a fiduciary of the STD and LTD plans for the purpose of deciding whether benefits are payable. As the claim administrator, insurer of the LTD plan, and fiduciary of the STD and LTD plans in which Plaintiff participated Prudential is a proper party in the matter *sub judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B). The plan is also a proper Defendant pursuant to 29 U.S.C. §1132(d).

V.

Plaintiff became disabled because of certain problems from which he suffered, Plaintiff was forced to cease working and he filed a claim for short term and long term disability benefits.

VI.

Plaintiff appealed the denial and fully exhausted administrative remedies on the STD claim. Plaintiff also filed an LTD claim. The Defendant's denial of Plaintiff's claim for STD benefits was also effectively a denial Plaintiff's claim for LTD. The definitions of "disability" in both the STD and LTD plan documents are the same. It is futile for Plaintiff to further pursue his LTD claim in light of the denial of his STD claim as a determination of disability during the STD period is a necessary prerequisite to Plaintiff drawing LTD benefits and because Plaintiff has the same disabling condition which is the basis for both the STD and LTD claims. In denying Plaintiff's STD claim Defendant also denied Plaintiff's LTD claim. Therefore, Plaintiff's STD and LTD claims are appropriately before the court, as Plaintiff has exhausted administrative remedies on both claims and/or further attempts to exhaust administrative remedies on the LTD are futile.

VII.

Prudential made its claim decisions while operating under a conflict of interest which significantly influenced Prudential to deny Plaintiff's claims. Prudential's decision was not based upon substantial evidence or the result of a principled and reasoned decision-making process. Further, Prudential's initial decision was reached by ignoring relevant evidence Plaintiff submitted pertaining to Plaintiff's claim and, instead, Prudential selectively relied upon biased information and experts. Prudential, its claim evaluators, reviewing physicians were motivated to handle, review and deny Plaintiff's claim by Prudential's financial interests. Accordingly, Prudential operated under a conflict of interest which improperly and significantly influenced the claim decision.

**FOR A FIRST CAUSE OF ACTION**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plans.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant # abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendants, Plaintiff prays for a declaration of entitlement to the short term and long term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

<u>s/ Nathaniel W. Bax</u>
Nathaniel W. Bax, Esq.
Federal Bar #:  09835
**FOSTER LAW FIRM, LLC**
PO Box 2123
Greenville, SC 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:  nbax@fosterfoster.com

Date: <u>June 9, 2026</u>                    Attorneys for Plaintiff