**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| GEORGE J. ERSKINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>HUNTINGTON INGALLS INDUSTRIES, INC. dba MISSION TECHNOLOGIES SHORT TERM DISABILITY PLAN; and PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>　　　　　Defendants. | Case No. 6:26-cv-01676-TMC<br><br>**DEFENDANT PRUDENTIUAL INSURANCE COMPANY OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT** |

Defendant THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("Prudential"), by and through its attorneys, and for its Answer and Affirmative and Additional Defenses to Plaintiff George J. Erskine's ("Plaintiff") Amended Complaint, states as follows:

**FOR A FIRST DEFENSE**

1.　　With respect to Complaint Paragraph No. 1 Prudential admits that Plaintiff has self-identified as a citizen and resident of Maryland. Prudential is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Complaint Paragraph No. 1.

2.　　With respect to Complaint Paragraph No. 2, the allegations in Complaint Paragraph No. 2 regarding Huntington Ingalls Industries, Inc. DBA Mission Technologies Short Term Disability Plan (the "STD program") are not directed to Prudential and therefore no answer is required pursuant to Fed. R. Civ. P. 8(b)(1)(B). Prudential denies the remaining allegations contained in Complaint Paragraph No. 2.

3.      With respect to Complaint Paragraph No. 3, Prudential admits that it is an insurance company organized and existing pursuant to the laws of one of the States of the United States and does business in South Carolina. Prudential denies the remaining allegations contained in Complaint Paragraph No. 3.

4.      With respect to Complaint Paragraph No. 4, Prudential admits that Plaintiff purports to bring this action under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), to recover short-term disability ("STD") benefits under the STD program. Prudential further admits that Plaintiff purports to bring this action under ERISA to recover long-term disability ("LTD") benefits under an employee welfare benefit plan sponsored by Huntington Ingalls Industries, Inc. ("Huntington") (the "LTD plan"). For purposes of this action only, Prudential admits this Court has jurisdiction over the subject matter of Plaintiff's claim. Prudential denies that Plaintiff is entitled to any relief whatsoever, and denies all remaining allegations contained in Complaint Paragraph No. 4.

4.      With respect to Complaint Paragraph No. 4 [sic], Prudential admits that Plaintiff was, at certain times, employed by Mission, a segment of Huntington, and that as an employee of Mission, Plaintiff was, at certain times, eligible for STD and LTD coverage through his employment. Prudential admits that LTD coverage under the LTD plan was provided under a group insurance policy issued by Prudential to Huntington pursuant to Group Contract No. G-71070-VA. Prudential admits that it performs certain administrative functions in connection with certain claims for STD and LTD benefits under the STD program and LTD plan. Prudential admits that it is the sole entity to determine which STD and LTD claims are payable pursuant to the STD program and LTD plan. The allegation regarding the plan as Defendant is a legal conclusion to

which no response is required. Prudential denies all remaining allegations contained in Complaint Paragraph No. 4 [sic].

5.      With respect to Complaint Paragraph No. 5 [sic], Prudential admits that Plaintiff stopped working at his job at Mission, and that he filed a claim for STD benefits, which was later rolled over for consideration as an LTD claim. Prudential denies the remaining allegations contained in Complaint Paragraph No. 5 [sic].

6.      With respect to Complaint Paragraph No. 6 [sic], Prudential admits that it approved Plaintiff's claim for STD benefits under the STD program from March 21, 2025 through May 5, 2025. Prudential admits that, by letter dated June 12, 2025, it closed Plaintiff claim for STD benefits, effective May 6, 2025. Prudential admits that Plaintiff appealed the denial of his claim for STD benefits, and by letters dated January 28, 2026 and April 9, 2026, Prudential upheld its prior denial of Plaintiff's claim for STD benefits on first and second appeal, respectively. Prudential admits that Plaintiff exhausted his administrative remedies with respect to his current claim for STD benefits (claim number 13669876). Prudential admits it rolled Plaintiff's STD claim over to an LTD claim under the LTD plan, and denied the claim for LTD benefits by letter dated May 5, 2026. Prudential denies the remaining allegations in Complaint Paragraph No. 6 [sic], and specifically denies that Plaintiff exhausted administrative remedies as to his claim for LTD benefits.

7.      Prudential denies the allegations in Complaint Paragraph No. 7 [sic].

8.      With respect to Complaint Paragraph No. 8 [sic], Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

9.      With respect to Complaint Paragraph No. 9 [sic], Prudential admits that Plaintiff requests that the Court consider the administrative record and find Plaintiff entitled to benefits, as

well as attorney's fees and costs. Prudential denies the remaining allegations in Complaint Paragraph No. 9 [sic] and further denies that Plaintiff is entitled to any relief whatsoever.

10.     The foregoing paragraph constitutes Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Prudential denies any allegations contained therein and specifically denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND ADDITIONAL DEFENSES
### FOR A SECOND DEFENSE

11.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

12.     The decision to deny Plaintiff's claim should be reviewed under the abuse of discretion or arbitrary and capricious standard.

### FOR A THIRD DEFENSE

13.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

14.     The Court's review should be limited to examination of the administrative record created during the processing of Plaintiff's claim.

### FOR A FOURTH DEFENSE

15.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

16.     Plaintiff's claim, in whole or in part, fails to state a claim upon which relief can be granted as a matter of fact and law.

### FOR A FIFTH DEFENSE

17.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

18.     There is no vesting of benefits or coverage under the STD program or LTD plan, and therefore, Plaintiff must prove entitlement to continuation of benefits under the STD program or LTD plan.

## FOR A SIXTH DEFENSE

19.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

20.     Plaintiff seeks benefits that are not provided under the STD program and LTD plan.

## FOR A SEVENTH DEFENSE

21.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

22.     Plaintiff's claim is barred, in whole or in part, because Plaintiff has not suffered the injury or damages alleged, or any other injury or damages.

## FOR AN EIGHTH DEFENSE

23.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

24.     Venue is not convenient to the location of the parties and witnesses in the United States District Court for the District of South Carolina.

## FOR A NINTH DEFENSE

25.     Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

26.     Venue is not appropriate in the United States District Court for the District of South Carolina.

**FOR A TENTH DEFENSE**

27.      Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

28.      Plaintiff's claim for LTD benefits is barred because Plaintiff did not exhaust administrative remedies as to any claim for LTD benefits.

**FOR AN ELEVENTH DEFENSE**

29.      Prudential incorporates by reference the relevant and consistent allegations of its previous Defenses as if fully set forth herein.

30.      To the extent Plaintiff states claims for STD benefits under the STD program against Prudential, Prudential is not the proper party as it does not insure or pay the STD benefits at issue.


DATED: June 23, 2026                    Respectfully submitted,

HAYSWORTH SINKLER BOYD, P.A.

*s/ J. D. Quattlebaum*
J. D. Quattlebaum, Fed. ID No. 5252
One North Main Street, 2nd Floor
Greenville, South Carolina 29601
Telephone: (864) 240-3200
Facsimile: (864) 240-3300
dquattlebaum@hsblawfirm.com
*Attorneys for Defendant*
*The Prudential Insurance Company of America*