**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION**

| | |
|---|---|
| GEORGE J. ERSKINE, | Case No. 6:26-cv-01676-TMC |
| Plaintiff, | |
| v. | |
| HUNTINGTON INGALLS INDUSTRIES, INC. dba MISSION TECHNOLOGIES SHORT TERM DISABILITY PLAN; and PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendants. | |

**PRUDENTIAL'S ANSWERS TO LOCAL RULE 26.01 INTERROGATORIES**

Defendant, The Prudential Insurance Company of America ("Prudential") (incorrectly named "Prudential Insurance Company of America"), by and through its attorneys, hereby answers the Local Rule 26.01 Interrogatories as follows:

**INTERROGATORY (a)**

State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER:**

Prudential states that no persons or legal entities have a subrogation interest in any claim.

**INTERROGATORY (b)**

As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER:**

Prudential states that if Plaintiff's claim is subject to any trial, Plaintiff's claim should be tried non-jury because it is a claim governed by ERISA.

**INTERROGATORY (c)**

State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER:**

Prudential states that: (1) The Prudential Insurance Company of America is a wholly-owned subsidiary of Prudential Financial, Inc.; (2) Prudential Financial, Inc. is a publicly-traded company, and no parent corporation or any publicly-held corporation owns 10 percent or more of its stock; and (3) The Prudential Insurance Company of America does not own ten percent or more of the stock in any publicly-owned company.

**INTERROGATORY (d)**

State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

**ANSWER:**

Prudential does not challenge the appropriateness of the division at this time. Prudential reserves its right to seek to transfer venue of this matter under 28 U.S.C. § 1404.

**INTERROGATORY (e)**

Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:**

Prudential states that this action is not related in whole or in part to any other matter filed in this District.

**INTERROGATORY (f)**

If the defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct information.

**ANSWER:**

Prudential is properly identified, except the proper name is "The Prudential Insurance Company of America."

**INTERROGATORY (g)**

If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER:**

Prudential states that Huntington Ingalls, Inc. would be liable for any benefits or other relief awarded based on Plaintiff's claim for short-term disability ("STD") benefits. Prudential is not aware of any other person or entity that would be liable to Defendant or Plaintiff, and denies any liability exists in this matter as to Prudential.

**INTERROGATORY (h)**

[Parties or Intervenors in a Diversity Case.] In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party or intervenor. This response must be supplemented when any later event occurs that could affect the court's jurisdiction under § 1332(a).

**ANSWER:**

Not applicable.

4

DATED: June 23, 2026                    Respectfully submitted,

                                        HAYSWORTH SINKLER BOYD, P.A.

                                        *s/ J. D. Quattlebaum*
                                        J. D. Quattlebaum, Fed. ID No. 5252
                                        One North Main Street, 2nd Floor
                                        Greenville, South Carolina 29601
                                        Telephone: (864) 240-3200
                                        Facsimile: (864) 240-3300
                                        dquattlebaum@hsblawfirm.com
                                        *Attorneys for Defendant*
                                        *The Prudential Insurance Company of America*